IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY TYRRELL,<br><br>              Petitioner,<br><br>    vs.<br><br>SCOTT FRAKES, Director, Nebraska Department of Corrections; ROSALYN COTTON, Chair, Nebraska Board of Parole; LAYNE GISSLER, Vice Chair, Nebraska Board of Parole; TERESA L. BITTINGER, Member, Nebraska Board of Parole; VIRGIL J. PATLAN SR., Member, Nebraska Board of Parole; and ROBERT W. TWISS, Member, Nebraska Board of Parole;<br><br>              Respondents. | 8:21CV210<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on preliminary review of Petitioner Gregory Tyrrell's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims *regarding the revocation of his parole* are:

    Claim One:    Respondents have violated and continue to violate Petitioner's right to Free Speech under the First Amendment of the Constitution of the United States by detaining Petitioner because he engaged in lawful speech in his pursuit of a lawful and rewarding life.

Claim Two: Respondents have violated and continue to violate Petitioner's right to Free Speech under the First Amendment of the Constitution of the United States because the condition of Petitioner's parole was not narrowly tailored to serve a significant governmental interest, is inconsistent with Petitioner's status as a parolee, and is not reasonably related to the legitimate penological interests of the Parole Board, society, or Petitioner.

Claim Three: Respondents have violated and continue to violate Petitioner's Due Process rights under the Constitution of the United States because Petitioner violated a condition of his parole that was void because the condition was not related to the cause of Petitioner's offense and was unduly restrictive of his liberty and conscience. *See* Neb. Rev. Stat. § 83-1,116(1)(h).

Claim Four: Respondents have violated and continue to violate Petitioner's Due Process rights under the Constitution of the United States because Petitioner is illegally detained for violating a condition of his parole that is unconstitutionally vague and overbroad.

Claim Five: Respondents have violated and continue to violate Petitioner's Due Process rights under the Constitution of the United States because Petitioner is illegally detained for non-payment of his parole fees (1) that allegedly occurred nearly 9 years prior to the revocation of Petitioner's parole; (2) despite evidence Petitioner had maintained payment of his parole fees; and (3) because no evidence was produced at the revocation hearing that

|  |  |
|---|---|
|  | nonpayment of Petitioner's fees was intentional or deliberate. *See* Neb. Rev. Stat. § 83-1,107.01(5) & (6). (Filing 1 at CM/ECF pp. 7–8, ¶¶ 31–33.) |
| Claim Six: | Respondents have violated and continue to violate Petitioner's Due Process rights under the Constitution of the United States because Petitioner did not have the opportunity to appear before a neutral and detached hearing body as demonstrated by a board member yelling at Petitioner, evidence not being disclosed to Petitioner, not permitting Petitioner to cross-examine an adverse witness, failure to provide a written statement of evidence relied on, failure to provide reasons for Petitioner's revocation, and the Parole Board accusing Petitioner of violating two conditions of parole which had not been previously disclosed to Petitioner. |
| Claim Seven: | Respondents have violated and continue to violate Petitioner's Due Process rights under the Constitution of the United States because the Parole Board failed to disclose evidence to the Petitioner at his revocation hearing. |

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

3

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **October 28, 2021**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **October 28, 2021**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the

        court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

    A.    By **October 28, 2021**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the*

*United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner

    must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 29, 2021**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 10th day of September, 2021.

                                              BY THE COURT:

                                              *Richard G. Kopf*
                                              Richard G. Kopf
                                              Senior United States District Judge