IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY TYRRELL,<br><br>     Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director, Nebraska Department of Corrections; ROSALYN COTTON, Chair, Nebraska Board of Parole; LAYNE GISSLER, Vice Chair, Nebraska Board of Parole; TERESA L. BITTINGER, Member, Nebraska Board of Parole; VIRGIL J. PATLANSR., Member, Nebraska Board of Parole; and ROBERT W. TWISS, Member, Nebraska Board of Parole;<br><br>     Respondents. | 8:21CV210<br><br>MEMORANDUM AND ORDER |

   This matter is before me on Petitioner's Motion for Additional Documents and Extension of Time filed on December 1, 2021. (Filing 10.) Respondents filed a Reply (filing 12) to Petitioner's motion on December 15, 2021, as directed by the court (filing 11). Subsequently, Petitioner filed a Second Motion for Additional Documents (filing 13), which is essentially supplemental to his original motion. For the reasons that follow, I will deny Petitioner's request for additional documents and grant Petitioner an extension of time to file his brief in opposition to Respondents' summary judgment motion.

## I. MOTION FOR ADDITIONAL DOCUMENTS

In his Motion for Additional Documents, Petitioner requests that the following additional documents be included in Respondents' Designation of State Court Records in Support of Motion for Summary Judgment (filing 8):

1. The Praecipe filed in Case #CI 19-1630 in the District Court of Lancaster County, Nebraska on November 8, 2019;

2. The Affidavit in Support of Motion for Reconsideration and Motion to Amend filed in Case #CI 19-1630 in the District Court of Lancaster County, Nebraska on April 20, 2020; [and]

3. The Bill of Exceptions and Transcript of Proceedings, in their entirety, filed in Case #CI 19-1630 in the District Court of Lancaster County, Nebraska on December 24, 2019.

(Filing 10 at CM/ECF pp. 1–2.)

As set forth in the court's progression order, "In the event that the designation of state court records is deemed insufficient by Petitioner . . . , Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims." (Filing 4 at CM/ECF pp. 4–5.)

Respondents contend that Petitioner's request fails to demonstrate or explain how the state court records he seeks would be relevant to Respondents' motion for summary judgment. (Filing 12.) In their summary judgment motion, Respondents assert that the undisputed material facts demonstrate that Petitioner failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) and Petitioner's claims are now procedurally defaulted. (Filing 7; Filing 9 at CM/ECF pp. 14–17.)

In his motion, Petitioner claims the requested documents will support his argument "that there is an absence of any available corrective process in the State of Nebraska to challenge the legality of a person's detention, imprisonment, or custodial deprivation of liberty as the result of a violation of a condition of parole" and "even if a corrective process does exist, such a process has not been firmly established or regularly followed in the Nebraska courts." (Filing 10 at CM/ECF p. 2.) Petitioner also states the documents will support "his arguments that the actions of the Respondents are so grievous that it would be a fundamental miscarriage of justice if Petitioner's claims were not considered." (*Id*. at CM/ECF pp. 2–3.) Lastly, Petitioner claims that "Respondents have intentionally omitted documents from the Designation of State Records that they know to support Petitioner's claims" and he wants the documents included in the Designation "so this Court can make a decision that is based on all of the facts and in the interests of justice." (*Id*. at CM/ECF p. 3.)

Upon careful consideration, I agree with Respondents that Petitioner has failed to explain how the requested documents are relevant to the issues of exhaustion and procedural default. Petitioner does not explain how the documents are relevant to the issue of the availability of "corrective process," or whether that process has been firmly established in Nebraska courts. Nor does Petitioner set forth specific reasons why the requested documents are relevant to any showing of cause or prejudice to overcome any procedural default. Petitioner generally asserts that the requested documents will support his arguments that Respondents' actions "are so grievous that it would be a fundamental miscarriage of justice" to not consider Petitioner's claims. However, Petitioner fails to set forth any reasons the requested documents would demonstrate such under the applicable standard. *See Thomas v. Payne*, 960 F.3d 465, 471 (8th Cir. 2020) (a federal court may consider a procedurally defaulted claim if a petitioner can demonstrate that failure to do so will result in a fundamental miscarriage of justice).

Finally, though Petitioner claims that "Respondents . . . intentionally omitted documents from the Designation of State Records that they know to support

3

Petitioner's claims," Respondents' Designation (filing 8) contains the "state court records that are necessary to support" their summary judgment motion as required by the court's progression order. (Filing 4 at CM/ECF p. 4.) The documents requested by Petitioner, particularly the Bill of Exceptions and Transcript of Proceedings listed in number 3 above, clearly would be relevant to the merits of Petitioner's claims, but Respondents' motion does not address the merits of Petitioner's claims. The issue at hand is whether Petitioner's claims are procedurally defaulted. Absent some showing that the documents requested are relevant to the issues of exhaustion, procedural default, or cause and prejudice to overcome any default, I will deny Petitioner's request for additional documents.[1]

While I will not require Respondents to provide the additional documents Petitioner requests, Petitioner may submit such documents he "will need to reference or cite . . . in his answer to the motion for summary judgment." (Filing 13.) *See* NECivR 7.1(b)(2)(A) ("When filing the opposing brief, the opposing party must also file and serve supporting evidentiary material not previously filed.")

## II. MOTION FOR EXTENSION

Petitioner also requests an extension of thirty days "from the date that Petitioner receives the additional requested documents from the Respondents" to respond to Respondents' summary judgment motion. (Filing 10 at CM/ECF p. 3.) When the court directed Respondent to reply to Petitioner's Motion for Additional Documents, the court suspended Petitioner's deadline to file his brief in opposition. (Filing 11 at CM/ECF p. 2.) Now that Petitioner's Motion for Additional Documents has been resolved, I will grant Petitioner's motion for extension.

---

[1] For the sake of completeness, I note that I was able to view the documents listed in numbers 1 and 2, above, through the Nebraska state courts' online record keeping system, JUSTICE, to which this court has been afforded access. *See* https://www.nebraska.gov/justice//case.cgi. Even upon viewing, I fail to see how those documents are relevant to the issues presented by Respondents' summary judgment motion.

Petitioner shall have 30 days from the date of this order to file his brief in opposition to Respondents' summary judgment motion.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Additional Documents (filing 10) and Second Motion for Additional Documents (filing 13) are denied.

2. Petitioner's Motion for Extension of Time (filing 10) is granted. Petitioner shall have until February 28, 2022, to file and serve his brief in opposition to Respondents' motion for summary judgment. Petitioner may file evidentiary material with his brief.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 28, 2022**: check for Petitioner's brief in opposition to summary judgment.

Dated this 27th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge