IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY TYRRELL,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director, Nebraska Department of Corrections; ROSALYN COTTON, Chair, Nebraska Board of Parole; LAYNE GISSLER, Vice Chair, Nebraska Board of Parole; TERESA L. BITTINGER, Member, Nebraska Board of Parole; VIRGIL J. PATLAN SR., Member, Nebraska Board of Parole; and ROBERT W. TWISS, Member, Nebraska Board of Parole;<br><br>Respondents. | 8:21CV210<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Respondent's motion for summary judgment. (Filing 7.) Respondent contends that Petitioner Gregory Tyrrell's Petition for a Writ of Habeas Corpus (filing 1) should be denied for failure to exhaust state court remedies as set forth in 28 U.S.C. § 2254(b)(1)(A) and procedural default. (Filing 9 at CM/ECF p. 4.) Tyrell disagrees, arguing his claims are not procedurally defaulted because there is no corrective process in Nebraska addressing parole revocation proceedings, there is no firmly established and regularly followed state practice to challenge parole revocation proceedings, and that a fundamental

miscarriage of justice would occur if the merits of his petition were not considered, (filing 15), to which Respondent filed a reply (filing 24). This matter is fully submitted for disposition.

After review of the papers submitted by the parties and the remaining record, the petition shall be denied as moot for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Tyrell was confined to the custody of the Nebraska Department of Correctional Services ("Department"), *see* (filing 1 at CM/ECF p. 1, Case No. 8:18CV596), after being sentenced on two convictions for Burglary, and one conviction for Sexual Assault in the First Degree, (*see id.*; filing 1 at CM/ECF p. 9; filing 15-4).

2. On April 25, 2018, Tyrell was granted parole by the Nebraska Board of Parole ("Board"). (Filing 1 at CM/ECF p. 3, ¶ 14.)

3. On December 4, 2018, the Board found Tyrrell violated conditions of his parole agreement, forfeiting his right to remain on parole, and resulting in the revocation of his parole. (*Id.* at CM/ECF pp. 4–5, ¶¶ 18–23.)

4. On December 26, 2018, Tyrrell filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting similar claims relating to his parole revocation as are set forth in the instant petition,[1] which he subsequently voluntarily dismissed "without prejudice in order to exhaust state remedies." (*See* Filings 1 & 17, Case No. 8:18CV596.)

5. On May 20, 2019, Tyrrell sought to challenge his parole revocation in state court by filing a complaint in the Lancaster County District Court in *Gregory Tyrrell v. Scott Frakes and Rosalyn Cotton*, Case No. CI 19-1630, which was

---

[1] *Compare* (filing 1, Case No. 8:18CV596) *with* (filing 1).

dismissed on jurisdictional grounds. (Filing 8-1 at CM/ECF p. 26; Filing 8-2 at CM/ECF p. 6.).

6. Tyrrell then appealed the dismissal to the Nebraska Supreme Court, which affirmed the Lancaster County District Court. (Filing 8-2.)

7. On June 4, 2021, Tyrrell filed his petition in this case while incarcerated at the Omaha Correctional Center in Omaha, Nebraska, arguing his parole was unconstitutionally revoked and seeking issuance of a writ of habeas corpus releasing him from confinement, returning him to parole, and crediting him with all good time credits he would have earned had his parole not been revoked. (Filing 1.)

8. On September 13, 2021, this court entered an order summarizing all Tyrrell's claims set forth in his petition, all of which were deemed as "*regarding the revocation of his parole*." (Filing 4 (emphasis in original).)

8. On July 27, 2022, Tyrrell was released on discretionary parole and is no longer in the custody of the Nebraska Department of Corrections.[2] Also, on August 16, 2022, Tyrrell informed the court of his updated address, indicating he was no longer in custody. (*See* Docket Sheet.)

## II. STANDARD OF REVIEW

Federal courts may only adjudicate actual, ongoing cases or controversies. *Americans United for Separation of Church and State v. Prison Fellowship Ministries,* 509 F.3d 406, 420–21 (8th Cir. 2007) (citing *Haden v. Pelofsky,* 212 F.3d

---

[2] *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html (last visited Sept. 27, 2022). This court is entitled to take judicial notice of the Department's public incarceration records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records").

466, 469 (8th Cir. 2000)); *Potter v. Norwest Mortgage, Inc.,* 329 F.3d 608, 611 (8th Cir. 2003). If an event occurs during the proceedings which precludes the court from granting any meaningful relief to the party who initiated the action, there is no longer an ongoing case-or-controversy, the action is moot, and the case must be dismissed. *In re Security Life Insurance Co. of America,* 228 F.3d 865, 869–70 (8th Cir. 2000) (citing *In re Grand Jury Subpoenas Duces Tecum,* 78 F.3d 1307, 1310 (8th Cir. 1996), cert. denied, 519 U.S. 980 (1996)); *Potter*, 329 F.3d at 611 ("When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.").

Where an incarcerated person petitions for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but the petition is not addressed until after the petitioner has been released from custody, a reviewing court must first determine if a case-or-controversy under Article III, § 2, of the United States Constitution still exists which would allow the court to consider the petitioner's claims or if the petition must be dismissed as moot. *Spencer v. Kemna*, 523 U.S. 1 (1998).

> An incarcerated convict's (or a parolee's) challenge to his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of parole) constitutes a concrete injury caused by the conviction and redressable by the conviction's invalidation. Once the sentence has expired, however, the petitioner must show some concrete and continuing injury other than the now-ended incarceration (or parole)—some "collateral consequence" of the conviction—if the suit is to be maintained.

*Id.* at 1. In other words, in the event 28 U.S.C. § 2254 relief is sought, an incarcerated petitioner's claims are naturally part of an ongoing case-or-controversy because a successful writ of habeas corpus can provide meaningful relief in the form of release from prison. *See Id.* However, when a petitioner is released from custody and his or her habeas petition remains pending, the petition must contain claims that if granted would still provide some genuine benefit to the petitioner outside of release from

4

custody, or the case must be summarily dismissed without additional consideration of the substantive allegations made. *Id.; see also Copley v. Keohane*, 150 F.3d 827, 829–30 (8th Cir. 1998) (finding a habeas petition moot after petitioner was conditionally released from custody).

### III. DISCUSSION

Here, Tyrrell was released from custody by the Respondents since the filing of his petition. As such, before considering the merits of Respondents' motion for summary judgment, this court must first consider whether there remains any live case or controversy in the petition under Article III, § 2, of the United States Constitution which can properly be redressed following his release. *See Spencer*, *supra*. Upon review of the claims set forth in the petition, and for the reasons set forth below, pursuant to the United States Supreme Court's holding in *Spencer*, Tyrrell's release from prison necessitates the petition's summary dismissal as moot.

In *Spencer* the Supreme Court considered whether a writ of habeas corpus challenging only a parole revocation and not the underlying conviction, filed by a petitioner no longer in custody by the time the matter came before the federal district court, met the so-called case-or-controversy requirement. *Spencer*, 523 U.S. at 7. While the Court noted that a petitioner's incarceration status for purposes of meeting the 'in custody' provision of 28 U.S.C. § 2254 is considered only at the time a petition is filed—rendering any subsequent release irrelevant—a petitioner's custody status must be considered when addressing "[t]he more substantial question" of "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.*

Specifically, the *Spencer* Court found that an ongoing case-or-controversy could exist where a habeas petition remained pending after a petitioner's release from custody if the petition contained challenges to the petitioner's underlying criminal conviction. *Id.* In other words, a successful challenge to a conviction, even

5

if that success did not occur until after the petitioner was no longer incarcerated, still contained a "live" case-or-controversy if it addressed some of the "collateral consequences that attached to the conviction as a matter of law" such as the rights to vote, own a gun, or serve on a jury which would render the case or controversy ongoing even after a petitioner was no longer incarcerated. *Id.* at 9 (citing *Carafas v. LaVallee,* 391 U.S. 234, 237 (1968)). Conversely, a "[h]abeas petitioner cannot rely on the collateral consequences of a wrongful criminal conviction to save his case from mootness if he is not actually challenging the validity of his conviction." *Gore v. Fondren*, No. CIV. 07-4425ADM/RLE, 2008 WL 4787652, at *3 (D. Minn. Oct. 31, 2008) (citing *Spencer*, 523 U.S. at 7).

Here, it would be meaningless to grant Tyrrell the relief requested in his petition, even if the court concluded that his initial request was meritorious, because Tyrrell is not challenging his original criminal conviction and he cannot rely on any collateral consequences of that conviction in attempting to satisfy the Constitution's case-or-controversy requirement. All of Tyrrell's claims in his petition relate to his parole revocation in December of 2018, which were based on the terms of his April 25, 2018, parole. (Filing 1.) Any decision as to whether Tyrrell's parole was unconstitutionally revoked in December of 2018, as Tyrrell alleges in his petition, will no longer affect Tyrrell due to his subsequent release from prison under a new parole agreement. In short, Tyrrell's future parole status will be determined by his future conduct and the terms of his July 27, 2022 parole, not by whether his prior parole revocation was constitutional.

It also does not matter that although Tyrrell is currently released, he may remain subject to conditions of his July 27, 2022 parole, which may rely in part on conditions for parole set forth in his underlying sentence, and he may still be returned to prison if he violates those conditions. A petitioner's alleged failure to complete supervised release, even if it could somehow be used against him or her in a future parole revocation proceeding or future criminal case, is an insufficient collateral consequence for creation of a "live" case or controversy as the case-or-controversy

6

requirement may not be satisfied by the mere "possibility" that a parole revocation might have some future adverse consequence. *Spencer*, 523 U.S. at 14.

In sum, the court finds that, as was the case in *Spencer,* because Tyrrell was released on parole while this matter was pending and his petition makes no claims outside of his 2018 parole revocation, there is no longer any live case or controversy to be decided by this court.

### IV. CERTIFICATE OF APPEALBILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Tyrrell is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's motion for summary judgment (filing 7) is denied as moot.

2. The petition (filing 1) is dismissed with prejudice as moot.

3. No certificate of appealability has been or will be issued.

4. Judgment will be issued by separate document.

Dated this 28th day of September, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge